Sanderson, Trustee *vs.* Pearson, *et al.*

(Decided 12th January, 1877.)

## HANNAH A. SANDERSON, Trustee *vs.* JAMES F. PEARSON, and others.

*Question as to the right of a person acting in the Two-fold capacity of Executor and Trustee, to double Commissions.*

P. by the codicil to his will, appointed S. his trustee and executrix. The will authorized the *trustee* to make sale of his farm called the "Highlands," but made no provision for any compensation for the service as trustee. As *executrix,* power was given to S. under the will to sell all or any portion of the testator's real or personal estate, not before disposed of, for the purpose of carrying into effect the provisions of the will. Representing herself both as executrix and trustee, S. reported a sale of the "Highlands" to the Orphans' Court, and was there allowed a commission of 7½ per cent. upon the proceeds of the sale. Application was also made by her to the Circuit Court, as a Court of equity, under the Act of 1870, ch. 370, for confirmation of the sale and distribution of the fund. And a claim was made by her in that Court to be allowed a further commission as trustee. HELD:

1st. That said sale of the "Highlands" was made by S. as trustee.

2nd. That the fact of the sale having been reported by her to the Orphans' Court, and also to the Circuit Court, and by both Courts confirmed, did not entitle her to commissions both as executrix and trustee from the proceeds of the sale.

3rd. That the commission allowed her must be treated as compensation for the sale, accounting for, and distribution of the proceeds thereof, and there was no legal or equitable foundation for the allowance of additional compensation.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE and ROBINSON, J.

*Fielder C. Slingluff*, for the appellant.

*David Fowler*, for the appellees.

STEWART, J., delivered the opinion of the Court.

The testator, Joseph Pearson, by the codicil to his will, appointed the appellant trustee and executrix.

The will authorizes the *trustee* to make sale of the "Highlands," as soon after the death of the testator's wife, as conveniently could be done, but makes no provision for any compensation for the service as trustee.

Under the English rule in regard to the allowance of commissions to a trustee, he is not permitted to make any charge for his trouble, loss of time, or for his service in the administration of the trust, unless the trust instrument empowers him to make such charge; but under our practice, from analogy to the law allowing commissions to

executors, administrators, guardians and trustees under judicial sales, commissions may be allowed to a conventional trustee, although not provided for in the instrument.

But such commissions will not be allowed where the performance of the trust has imposed no labor or trouble which justly entitles him to commissions. *N. C. R. vs. Keighler,* 29 *Md.,* 572.

Commissions ought not to be allowed, where there is no just ground for the claim thereto.

Representing herself in both capacities, as executrix and trustee, the appellant made report of the sale of the real estate to the Orphans' Court, and was there allowed in her fifth account, commissions on the sum of $217,380.80, the proceeds of the same, at the rate of $7\frac{1}{2}$ per cent. amounting to $16,299.06.

Application was also made by her to the Circuit Court, as a Court of equity, under the Act of 1870, ch. 370, for confirmation of the sale and distribution of the fund, and the present claim was made in that Court for the allowance of commissions.

This was refused, and hence this appeal. As *executrix,* power was given to her under the will, to sell all or any portion of his real or personal estate, *not before disposed of,* for the purpose of carrying into effect the provisions of the will.

Strictly then, as trustee under the will, the Highlands were sold by the appellant.

The fact of the sale having been reported by the appellant to the Orphans' Court, and also to the Circuit Court, and by both Courts confirmed, did not entitle her to commissions both as executrix and trustee from the proceeds of the sale. When the appellant received the commissions in her account in the Orphans' Court, or were allowed them by the Circuit Court, it must be treated as compensation for the sale, accounting for, and distribution of, the proceeds thereof.

It appears by the record, that in addition to the proceeds arising from the sale of the "Highlands," upon which commissions were allowed to the appellant by the Orphans' Court, she has collected the sum of $8464.88, which did not enter into her accounts in the Orphans' Court. On this sum she was entitled to commissions, and they were allowed to her by the auditor's account, which was ratified by the Circuit Court.

Having been compensated for the service rendered by her in the discharge of her duty, both as executrix and trustee, from the fund for distribution, there is no legal or equitable foundation for the allowance of additional compensation.

The order of the Circuit Court of the fourth of January, 1877, must be affirmed.

> *Order affirmed, and*
> *cause remanded.*

(Decided 15th January, 1877.)